No. 1276. **The State, ex relatione County Commis-
sioners of Abbeville County,** *v.* **County Commissioners
of Edgefield County.** April Term, 1882. This was a peti-
tion presented to the court in behalf of the relators to require
the respondents to levy a tax upon the property within certain
limits of Edgefield county, and to pay the proceeds into the
hands of the county treasurer of Edgefield, to be held subject to
the order of relators; and for damages and costs. The facts
stated in the petition were admitted by the respondents, and
legal issues only were raised by the return. This application
was based upon the act of 1880 (17 *Stat.* 412), which authorized
the citizens of a designated section of Edgefield county, adjoin-
ing the county of Abbeville, to fence in their territory, and
which extended to such territory the provisions of the stock law
then in force as to Abbeville and other counties. 16 *Stat.* 689.
For the purpose of keeping this fence in repair, the county com-
missioners of Edgefield were to procure from the county commis-
sioners of Abbeville the per centum annually levied as a tax in
Abbeville for keeping fences in repair, and to levy upon the

property within the said territory of Edgefield the same tax, and not to exceed such per centum of Abbeville, and the proceeds of such tax to place in the hands of their county treasurer, subject to the order of the county commissioners of Abbeville. *Held—*

1. That the necessary inference was that the duty of keeping this fence in repair was charged upon the county commissioners of Abbeville county ; that the fence was not for the benefit of Edgefield county, and the tax was not a county tax, but the proportion properly chargeable upon that territory of Edgefield which, at their own request, was included within the benefits enjoyed by the county of Abbeville, and none of the rights or powers given by the constitution to the county commissioners of Edgefield were delegated to the county commissioners of Abbeville.

2. That this was not a claim against the county of Edgefield, and therefore to be audited, but an application to require the county commissioners of that county to perform a specific duty imposed upon them by an act of the legislature.

3. That the duty to be performed by the county commissioners of Edgefield did not involve the exercise of judgment or discretion, but was purely ministerial, and therefore enforceable by *mandamus.*

4. The relators are entitled to neither damages nor costs. *State, ex rel. Bull,* v. *County Treasurer,* 10 *S. C.* 40.

Petition granted, except as to damages and costs, and writ ordered.    OPINION by MR. JUSTICE MCIVER, October 7th, 1882.    *T. P. Cothran,* for relators.   *B. W. Bettis, F. H. Wardlaw,* contra.